## H. L. BENSON v. L. PHIPPS.

### No. 276.

1. **Suretyship—Extension of Time by Principal.**

It is the right of the surety at any time after the maturity of the debt to pay it, and proceed against the principal for indemnity. This right is impaired if the creditor contract with the principal for an extension of the time of payment. Hence an extension releases a surety not assenting............ 579

2. **Consideration—Extension of Time of Payment.**

In case of a debt which bears interest, when an extension for a definite period is agreed upon by the parties thereto, the contract is, that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that term. The latter secures the benefit of the forbearance, and the former an interest-bearing investment for a definite period. Such contract is upon a valuable consideration, and is binding between the parties ...................................... 580

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The opinion gives a sufficient statement.

*George C. Altgelt*, for plaintiff in error.—The agreement of extension for one year between the holder of the promissory note sued upon, to wit, appellee Phipps, and the principal maker, J. A. H. Hosack, without the consent of the surety, appellant Benson, was founded upon a valid consideration, and discharged the surety Benson. Wybants v. Lutch, 24 Texas, 309; Cruger v. Burke, 11 Texas, 694; Ryan v. Morton, 65 Texas, 261; Wylie v. Hightower, 74 Texas, 306; Gardner v. Watson, 76 Texas, 32; James v. Fulkrod, 5 Texas, 519; Clark & Herring v. Cummings, 84 Texas, 614; Story on Con., sec. 447; 2 Dan. on Neg. Inst., secs. 1312, 1313, 1315, 1316, et seq.; 2 Brandt on Surety., sec. 342, et seq.; Bank v. Hatch, 6 Pet., 250; Ballard v. Burton, 15 Law. Rep. Ann., 664.

*J. D. Crenshaw*, for defendant in error.—Hosack paid nothing for the agreement to extend the time of the payment of the note, not even the accrued interest. The agreement was never carried into effect. Beasley v. Boothe, 22 S. W. Rep., 255; Hall v. Johnson, 24 S. W. Rep., 861.

GAINES, CHIEF JUSTICE.—The plaintiff was a surety for one Hosack, the principal maker upon a promissory note payable to the defendant in error. Some days after the note fell due, Hosack wrote defendant in error requesting an extension, to which request defendant replied by letter as follows: "I will extend the time of payment one year, and look with confidence for the accrued interest within sixty days, hoping it will not inconvenience you. After that, if it is your pleasure to make the interest on the extension payable semi-annually, it will help me."

The defendant in error testified to having received the letter from Hosack requesting an extension, and that the foregoing was his reply, but the contents of Hosack's communication were not otherwise shown. He also testified, that he was paid nothing for the extension, and that Hosack never paid the accrued interest.

Suit having been brought on the note by the payee against all the makers, the plaintiff in error pleaded his suretyship; and the facts as stated above having been proved, the trial court gave judgment for the plaintiff in that court. That judgment upon appeal was affirmed by the Court of Civil Appeals.

It is the right of the surety at any time after the maturity of the debt to pay it and to proceed against the principal for indemnity. This right is impaired if the creditor enter into a valid contract with the principal for an extension of the time of payment. The obligation of the surety is strictly limited to the terms of his contract, and any valid agreement between the creditor and the principal by which his position is changed for the worse, discharges his liability. For this reason

it is universally held, that a contract between the two, which is binding in law, by which the principal secures an extension of time,. releases the surety, provided the surety has not become privy to the transaction by consenting thereto. If the creditor is not bound by his promise to extend, it is clear there is no release. In order to hold him bound by his promise, there must be a consideration. Whether a mere agreement for an extension by the debtor is sufficient to support a promise to extend by the creditor, is a question upon which the authorities are not in accord. We are of opinion, however, that the question should be resolved in the affirmative, at least in cases in which it is contemplated by the contract that the debt should bear interest during the time for which it is extended. If the new agreement was that the debtor should pay at the end of the period agreed upon for the extension precisely the same sum which was due at the time the agreement was entered into, the case might be different. But a promise to do what one is not bound to . do, or to forbear what one is not bound to forbear, is a good consideration for a contract. In case of a debt which bears interest either by convention or by operation of law; when an extension for a definite period is agreed upon by the parties thereto, the contract is, that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; the former secures an interest-bearing investment for a definite period of time. One gives up his right to sue for a period in consideration of a promise to pay interest during the whole of the time; the other relinquishes his right to pay during the same period, in consideration of the promise of forbearance. To the question, why this is not a contract, we think no satisfactory answer can be given. It seems to us it would be a binding contract, even if the agreement was that the debt should be extended at a reduced rate of interest. That an agreement by the debtor and creditor for an extension for a definite time, the debt to bear interest at the same rate or at an increased but not usurious rate, is binding upon both, is held in many cases, some of which we here cite: Wood v. Newkirk, 15 Ohio St., 295; Fowler v. Brooks, 13 N. H., 240; Davis v. Lane, 10 N. H., 156; Stallings v. Johnson, 27 Ga., 564; Robinson v. Miller, 2 Bush (Ky.), 179; Reynolds v. Barnard, 36 Ill. App., 218; Chute v. Pattee, 37 Me., 102; Rees v. Barrington, 2 Ves., 540; see also Crossman v. Wohlleben, 90 Ill., 537; McComb v. Kittridge, 14 Ohio, 348.

In many cases which seemingly support the contrary doctrine, there was a mere promise by the creditor to forbear, without any corresponding. promise on part of the debtor not to pay during the time of the promised forbearance. In such cases, it is clear that there is no consideration for the promise. In others, where there was a mutual agreement for the extension, it may be that interest during the period of

extension was not allowed by law, and the agreement did not provide for the payment of interest. The case of McLemore v. Powell, 12 Wheaton, 554, may have been of that character.

In this case, as we construe the correspondence between Hosack and the defendant in error, there was a request for an extension of the debt for twelve months on part of the former, and an unconditional acceptance on part of the latter. We infer, that Hosack must have written something about the payment of accrued interest—probably that he hoped to be able to pay it in sixty days. The presumption is, that the letter was in the possession of the defendant in error at the time of the trial. He did not produce it. In any event, he should have known its contents, and if Hosack made his request for an extension conditional upon his payment of the accrued interest, he should have testified to the fact. We conclude, therefore, that there was a binding promise for an extension, and that the plaintiff in error was therefore released.

Upon a careful examination of our own reports, we have found no decision of our court which is in conflict with the opinion herein expressed. There are a few cases which seem not to be in accord with our conclusions, but we think the conflict is only apparent. In Gibson v. Irby, 17 Texas, 173, the maker of the note sued on pleaded that the payee had promised him that the note should not be due and payable until the defendant had time to gather his crop, on condition that the defendant would then promptly pay the money and interest. The Supreme Court affirmed the ruling of the trial court in sustaining an exception to the plea, upon the ground that the plea showed no consideration for the promise. This ruling was correct, but if it had been pleaded affirmatively that the defendant had promised the payee that he would not claim the right to pay the debt before his crop was gathered, we think the plea would have been good.

In Claiborne v. Burge, 42 Texas, 98, Burge was the surety of one Urquhart upon three promissory notes which fell due at different dates. After two of them had matured, Urquhart executed a written promise to the holder "to pay 2 per cent per month interest on the * * * notes after maturity of the same." The evidence failed to show that the holder agreed to give an extension. It was held, that Urquhart's promise was void, and that the surety was not released. There are some expressions in the opinion in that case which do not accord with our views, but which were not necessary to its decision.

In Payne v. Powell, 14 Texas, 600, it is held that an agreement to extend in consideration of a promise to pay usurious interest is not binding upon the debtor, and therefore is not binding on the creditor, and that accordingly the surety was not released. On the other hand, it is determined in Knapp v. Mills, 20 Texas, 123, that an agreement

to pay interest at an increased rate, which is not usurious, is sufficient to support a contract for an extension.

There is error in the judgment, for which it must be reversed; and since it may be shown upon another trial that Hosack's offer contained a condition that he would pay the interest in sixty days, the cause is remanded.

*Reversed and remanded.*

Delivered March 4, 1895.