## REED *v.* TIERNEY.

PROMISSORY NOTES; CONSIDERATION; LIMITATIONS.

An agreement between the maker, endorser and holder of a promissory note to extend the time of its payment for a definite period in consideration of the payment of interest for such extended time, is supported by sufficient consideration and binds the endorser, in whose favor the statute of limitations does not begin to run until after the expiration of such extended period.

No. 708.   Submitted December 17, 1897.   Decided January 18, 1898.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action on a promissory note. *Reversed.*

The COURT in its opinion stated the case as follows:

In this case, the action was brought on the 19th day of February, 1897, by the appellant, Temperance P. Reed, against Samuel H. Wells and the appellee, Michael V. Tierney, to recover the balance due on a promissory note drawn by Samuel H. Wells, payable to the order of Tierney, and by the latter endorsed to the plaintiff.

The declaration counts upon the note, and then alleges

that when the note became due and payable according to its tenor and effect, at the request of the defendants the plaintiff agreed to extend the time of payment until the 16th day of March, 1894, the terms of the said note to remain otherwise unqualified and in full force; and in consideration of such extension the defendant Tierney endorsed on said note that "demand, protest, and notice of protest, waived." That, at the expiration of the time for which payment was extended, the note was presented for payment and was dishonored. Credits were endorsed, showing a balance due of $886.86.

The common money counts were added. And the defendant Tierney interposed several pleas, to wit: That he never was indebted as alleged; that the plaintiff's cause of action against him did not accrue within three years prior to the institution of this action. And further, that after the maturity of the note sued on, to wit, on or about March 16, 1894, the plaintiff, for a valid and binding consideration, to wit, the payment of interest in advance of the time it was payable by the said Wells to the plaintiff, agreed with Wells to extend the time of the payment of said note until six months from March 16, 1894, and that such extension was without the knowledge, consent, authority or direction of the defendant Tierney, and this he is ready to verify, etc.

Issue was joined upon these pleas, and the action was discontinued as to Wells.

The facts of the case, as disclosed by the bill of exception, are few, and are without conflict or dispute. The note, with its endorsements thereon, is set out in the bill of exception. It is dated March 16, 1892, and was originally for the sum of $2,874.77, payable one year after date, with interest thereon until paid, at six per cent. per annum, payable semiannually, and was made payable at the banking house of Riggs & Co., Washington, D. C. The note was secured by a deed of trust on certain real estate in the city of Washington. About two months after the date of the note, Tierney,

the payee, sold and endorsed the note, for its face value, to the plaintiff. At the maturity of the note, Wells, the maker, desired an extension of time for payment, and applied to the parties concerned to grant such extension. The extension was accordingly granted, by the following endorsement in writing made upon the face of the note:

"The time of payment of this note is extended to 16th of March, 1894, with interest, payable semi-annually, at six per cent. per annum. Said note and the deed of trust securing the same are to remain otherwise unqualified and in full force," and which endorsement was signed by Tierney, the payee and endorser; by Wells, the maker, and by Reed, the endorsee and present plaintiff. And at the same time, Tierney, the endorser, endorsed upon the note the following: "Demand, protest, and notice of protest, waived;" and this endorsement was signed by Tierney.

Upon the undisputed facts, the court, upon motion of the defendant, being of opinion that there was no sufficient consideration shown to support the agreement for the extension of time for payment of the note, instructed the jury that the plaintiff was not entitled to recover, and that their verdict should be for the defendant. This instruction we must suppose to have been given in reference to the plea of the statute of limitation; there being no evidence offered in support of the plea of the six months' alleged extension from the 16th of March, 1894. To the instruction given the plaintiff excepted.

*Mr. S. F. Phillips* and *Mr. Frederic D. McKenney* for the appellant:

1. The request of the maker of a promissory note about to mature for an extension of the time of payment for a definite period, coupled with his agreement to pay interest upon the loan at the rate fixed in the note for such period, is a sufficient consideration to support a contract to extend the time of payment for that period. It is of no conse-

quence that in the absence of such an agreement the law gives to the holder of an overdue note interest at the legal rate until payment be made. In such a case the holder may bring his suit at any day and obtain his judgment and execution and so enforce payment, and, on the other hand, the maker of the note may tender the amount due and so stop the accumulation of interest; but under an agreement to extend for a definite period upon the promise to pay interest at the same rate throughout that period the status of the parties is altered. The borrower is assured of the continued use of the money for the defined period without fear of demand or suit, while the lender is assured of continued interest on his investment. Such considerations are each of value to the respective parties.

In any event, a promise of forbearance for a fixed period followed by actual forbearance for such period is sufficient consideration to render binding upon the parties all obligations, express or implied, imposed upon them by their respective agreements. *Brown* v. *Tiplon,* 64 Md. 275.

While it may be true that an agreement to pay interest at the same rate in the case of an indefinite extension is an agreement to do only that which the law would compel, it is otherwise where the agreement is to pay interest at the same rate for one year or five in consideration of a like extension, for this the law will not compel. The point of difference was aptly illustrated in *Green* v. *Lake,* 2 Mackey, 162; see, also, 2 Am. Lead. Cas. (4th Ed.) 419. This reasoning, seemingly so consonant with sound common sense, has been adopted as the basis of decision in the courts of last resort in Maine, New Hampshire, Pennsylvania, Kentucky, Illinois, Ohio, Missouri, Mississippi, South Carolina, Georgia and Texas. See *McComb* v. *Kittridge,* 14 Ohio, 248; *Jones* v. *Brown,* 11 Ohio St. 601; *Fawcett* v. *Freshwater,* 31 Ohio St. 637; *Chute* v. *Pattee,* 37 Me. 102; *Hartman* v. *Danner,* 74 Pa. 36; *Wheat* v. *Kendall,* 6 N. H. 504; *Bailey* v. *Adams.* 10 N. H. 162; *Fowler* v. *Brooks,* 13 N. H. 240; *Benson* v,

*Phipps,* 87 Tex. 578; *Robinson* v. *Miller,* 2 Bush (Ky.), 188; *Dunn* v. *Com'l Bank,* 98 Georgia, 647; *Crossman* v. *Wohlleben,* 90 Ill. 537; *Dodgson* v. *Henderson,* 113 Ill. 361; *Reynolds* v. *Barnard,* 36 Ill. App. 218; *Reynolds* v. *Barnard,* 49 Ill. App. 596; *Moore* v. *Redding,* 69 Miss. 841.

The consideration for the original loan is the agreement to pay interest. An agreement to continue to pay interest for a further fixed period is of equal dignity and fully as valuable. But there is further evidence of consideration in the record which, irrespective of the conclusions of the court upon the main proposition, should have been submitted to the jury. It appears that "at the same time" the plaintiff agreed to postpone the time of payment of the note, the defendant Tierney, besides consenting to such postponement, waived in writing "demand, protest, and notice." This was a distinct and valuable advantage to the holder of the paper. It completely altered the status of the parties, for it waived valuable rights incident to the position of surety and relieved the holder from performing certain duties, with their attendant pains and penalties.

2. There was in this case a positive and material alteration of the note to which all the parties consented. Because of their consent it was not such an alteration as would avoid the instrument. The parties consenting were bound by the alteration. Parsons, Bills and Notes, Vol. 2, 565. They had as much right to make the change as they had to make the original contract. Daniel, Neg. Inst., Sec. 1401. The instrument as altered is their contract "as fully and entirely as if the additional words had been inserted at the time of its execution," (*Grimstead* v. *Briggs,* 4 Iowa, 558); and the effect of such alteration can not be determined by the court, but is triable by the jury. 1 Shep. Touch. 69; *Jones* v. *Ireland,* 4 Iowa, 63.

3. It has been held, and apparently with reason, that a new consideration is not essential to support an assent by a surety to the alteration of a promissory note, whether such

assent be before or after alteration (*Petton* v. *Prescott,* 13 Iowa, 567); but if it should here be thought otherwise ample consideration for the alteration moving to the creditor is shown by the record. See, also, *Sloan* v. *Latimer,* 41 So. Car. 217; *Stallings* v. *Johnson,* 27 Ga. 564.

In any and every aspect of the case it is plain that the statute of limitations began to run against the note only upon the maturity of the extension in March, 1894, and that this action commenced February 19, 1897, was brought in ample time.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee:

1. To constitute a sufficient consideration for a promise, there must be something of advantage to the party making the promise, or something of detriment or disadvantage to the person to whom the promise is made. In this case Reed agrees with Wells to extend the time of payment of the note for one year at the same rate of interest, payable at the same intervals of time. There is no promise to pay any additional interest, and there is no new or added consideration to support the contract. The rule is that there must be some new consideration such as an increased rate of interest, the taking of additional security or the like, and that the mere extension of the time of payment is an indulgence to the debtor without consideration, and is *nudum pactum. Abel* v. *Alexander,* 45 Ind. 523; *Hume* v *Mazelin,* 84 Ind. 574. In both these cases the extension was for a definite period of time. To the same effect are *Christman* v. *Tuttle,* 59 Ind. 155, and *Wilson* v. *Powers,* 130 Mass. 127, where the extension was for a definite period of time. See, also, *Harter* v. *Moore,* 5 Blackf. 367; *Waters* v. *Simpson,* 2 Gilman, 570; *Walford* v. *Dow,* 34 Ill. 424; *Stuber* v. *Schack,* 83 Ill. 191.

In the case of *Moore* v. *The Bank,* 22 Mo. App. 684, it did not appear that the extension was for a definite time, but the court does not base its decision upon any supposed distinc-

tion between an extension for definite and an extension for an indefinite period of time. The decisions in New York are all to the same effect. *Gahn* v. *Neimcewicz*, 11 Wendell, 312; *Kellogg* v. *Olmstead*, 28 Barbour, 76; *Halliday* v. *Hart*, 30 N. Y. 474; *Calvert* v. *Good*, 95 Pa. State, 65; *Arundle Bank* v. *Globe K. B.* 1817, cited in Chitty on Bills, 579.

2. With reference to the contention that the indorsement of the extension upon the note was an alteration of the note, it is sufficient to say that the contract of extension was not made during the term of the original note. *Moore* v. *The Bank*, 22 Mo. App. 684.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The principle is too well settled to admit of any question, that a valid agreement between the holder of a promissory note and the maker thereof, to extend the time of payment *for a definite time*, without the consent of the endorser of such note, will discharge the endorser from all liability. But if the agreement for extension of time for payment be made by the consent of all parties concerned—the holder, endorser and maker—such an agreement will leave both the maker and endorser liable to pay the note at the end of the extended time. *Uniontown Bank* v. *Mackey*, 140 U. S. 220, 224.

In this case, there is no question as to the consent of the endorser, the defendant, Tierney, to the extension of the time for payment; that was given by express written agreement; and the only question is, whether that agreement was founded upon such valid consideration as to make it binding upon both the holder and the endorser of the note. If the agreement for extension be founded upon sufficient consideration, both the maker of the note and the endorser thereof remained liable on the note; but if the consideration be not sufficient, the agreement for the extension was not binding, and consequently the plea of the statute of limitation interposed by the defend-

ant Tierney was a complete bar to the action as against him.

The note from the beginning, as we have seen, bore interest at the rate of six per cent. per annum, payable semi-annually, until paid; and at the maturity of the note it was then the right of the holder to enforce the immediate payment of the note, however inconvenient it might have been to the parties liable to make such payment; and so it was then the right of the maker or endorser to pay off and discharge the note, notwithstanding it may have been to the interest and advantage of the holder of the note to allow his money to remain invested on the terms prescribed in the note, and by the agreement for the extension of the time for payment.

It was in view of these mutual rights and advantages of the respective parties, that the agreement for the extension of time of payment was made. Was there a sufficient consideration for the agreement for this extension of time for payment?—that time being *definite and fixed.* It is contended on the part of the defendant that inasmuch as the note would continue to bear interest at the rate of six per cent. per annum, payable semi-annually, until paid, there was no valid or binding consideration for the agreement to extend the time of payment; as the rate of interest to be paid for the extended time was the same as that stipulated to be paid by the terms of the note. But we do not agree to this argument. We are aware that there is conflict of authority upon this question; that there are cases holding the one way, and cases holding the other way; but we are of opinion that the weight of authority is against the contention of the defendant. And as both the maker and endorser of the note have had the full benefit of the extended time, it would certainly appear not to be consistent with good faith that the agreement for the extension of time should now be allowed to be repudiated, if it can be supported by authority.

In Vol. 2 Am. Lead. Cases, by Hare and Wallace, at pages

308 and 309 of the third edition, and at page 419, of the fourth edition, the learned editors, in their elaborate note upon the subject as to what will discharge sureties, and those standing in a like relation of sureties, say: "Where the creditor, instead of merely promising delay so long as the debtor pays the interest, exacts from the latter a promise to pay interest for *a definite period,* in return for a promise of forbearance *until that period expires,* no doubt can exist that the rights of the parties are varied. The creditor may insist on the interest of which he might otherwise have been deprived by the immediate payment of the debt, and the debtor is entitled to the forbearance, for which he has bound himself to make compensation in the shape of interest. All the ingredients in a valid contract for time are therefore present, and the surety is consequently discharged."

The distinction is between an agreement for an extension for a *definite period,* and for which interest is to be paid, and an agreement for an indefinite extension of time. In the former, the agreement on the part of the debtor is to retain the money, as upon a new loan, and pay interest therefor for the certain time, and on the part of the creditor to forbear his right to enforce payment during the extended time; and this constitutes a valid agreement. While, on the other hand, an agreement for an indefinite extension may be terminated at any time by either party, at his mere will and option, and, therefore, does not constitute a binding contract. This distinction is taken and enforced in many of the cases upon this subject, and is well stated and fully sanctioned in an opinion by Mr. Justice Cox, speaking for the Supreme Court of this District, in general term, in the case of *Green* v. *Lake,* 2 Mackey, 162.

In the case of *McComb* v. *Kittridge,* 14 Ohio, 348, the question was fully and ably discussed, and the agreement for extension of time for payment was held to be valid; and without reciting the facts of that case, we shall quote a passage from the opinion of the court, to show the reasoning

upon which the court proceeded in sustaining the validity of the agreement. In the opinion it is said:

"If the lender of money secured by a note, after the same becomes due, contracts with the borrower that the time of paying the same shall be extended for one year, or for any other period, upon consideration that the borrower shall pay the legal rate of interest, why is not that a binding contract? The lender, by this contract, secures to himself the interest on his money for the year, and the borrower precludes himself from getting rid of the payment of the interest by discharging the principal. It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege at any time of getting rid of the payment of interest by discharging the principal. By this contract the right to interest is secured for a given period, and the right to pay off the principal and get rid of paying the interest is also relinquished for such period. Here, then, are all the elements of a binding contract. But it is said there is no consideration for the extension of time, because the law gives six per cent. after the note is due; but the law does not secure the payment of this interest for any given period, or prevent the discharge of the principal at any moment. There is precisely the same consideration for the extension of time as there was for the original loan. The consideration of the loan on the part of the borrower is the payment of interest."

In the case of *Chute* v. *Pattee,* 37 Me. 102, the question was fully considered, and the consideration of the payment of interest for the extended time, the time being definite and fixed, was held sufficient; and so in the cases of *Bailey* v. *Adams,* 10 N. H. 162, and *Fowler* v. *Brooks,* 13 N. H. 240, the same principle was fully sustained. There is also a case in 87 Texas, 578, of *Benson* v. *Phipps,* where the question was fully considered, and many of the cases referred to, and in which the same conclusion was reached and maintained, as in the cases to which we have just referred. There are many other cases sustaining the same principle, to which

reference might be made; but additional references to those already made are not necessary.

It is true Mr. Daniel, in his well-known work on Negotiable Instruments, Vol. 2, Sec. 1317*a*, after stating the fact that the decisions are in conflict upon the question as to the sufficiency of the consideration for the extension of the time of payment, in a case like the present, says that his own opinion concurs with the cases holding the negative of the proposition. But we can not accede to that opinion of the learned author. He has not cited all the authorities upon the subject.

It follows, both upon reason and authority, as we think, that the agreement for the extension of the time for payment was good and binding upon the parties thereto; and, consequently, the right of action upon the note, by reason of such extension of time for payment, did not accrue until the 16th of March, 1894; and as this action was commenced on the 19th of February, 1897, therefore the statute of limitations forms no bar to the right of recovery.

The judgment must be reversed, and a new trial ordered; and it is so ordered by this court.

*Judgment reversed and cause remanded.*