SPEER v. RUSHING et al. (No. 5573.)

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1916.)

1. PRINCIPAL AND SURETY ☞125—RELEASE OF SURETY—EXTENSION OF TIME FOR PAYMENT.

A mere forbearance to sue, without an agreement not to do so, will not release a surety from liability for a debt.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 312–328; Dec. Dig. ☞125.]

2. PRINCIPAL AND SURETY ☞105—RELEASE OF SURETY—EXTENSION OF TIME FOR PAYMENT.

An agreement by the payee of a note with the principal maker, for a valuable consideration, to extend the time for payment for a definite time, made without the consent of the principal's surety, will release the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 191, 192, 196, 201–210; Dec. Dig. ☞105.]

3. PRINCIPAL AND SURETY ☞108—RELEASE OF SURETY—EXTENSION OF TIME—CONSIDERATION.

The agreement whereby the payee of a note extends additional time to the principal maker for its payment, to release the principal's surety, must be supported by a valid consideration.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 213–218; Dec. Dig. ☞108.]

4. PRINCIPAL AND SURETY ☞108 — EXTENSION OF TIME FOR PAYMENT—CONSIDERATION.

Where the payee of an interest-bearing obligation promises to forbear collection for a definite time, and the principal debtor agrees to pay interest for such time, the mutual promises constitute valuable consideration, supporting the agreement, and incidentally discharging the principal's surety, if made without his consent.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 213–218; Dec. Dig. ☞108.]

5. PRINCIPAL AND SURETY ☞104 — EXTENSION OF TIME FOR PAYMENT—CONDITIONAL CHARACTER.

If the agreement between debtor and creditor for an extension of time for payment is conditional, it must be shown that such condition has been complied with, to effect the release of the debtor's surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–200; Dec. Dig. ☞104.]

6. PRINCIPAL AND SURETY ☞161 — EXTENSION OF TIME FOR PAYMENT—SUFFICIENCY OF EVIDENCE.

In suit on a note, evidence as to plaintiff's alleged agreement with the principal maker to extend the time for payment *held* insufficient to sustain verdict for defendants, sureties for the principal maker.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 85, 439–441; Dec. Dig. ☞161.]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Suit by A. J. Speer against Will Rushing and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

See, also, 178 S. W. 1012.

W. W. Wilson, of Calvert, and V. B. Hudson, of Bryan, for appellant. H. S. Morehead, of Franklin, for appellees.

JENKINS, J. In November, 1913, appellant loaned M. D. Sharp $4,000, upon a promissory note signed by said Sharp and R. S. Glass & Co., Will Rushing, and J. W. McCrary, payable January 1, 1914. Sharp was a member of the firm of R. S. Glass & Co. While all parties appear on the face of the note as principals, in fact Sharp was the principal and the other parties were sureties, which fact was known to appellant at the time the money was loaned. Sharp and Glass & Co. became bankrupt in March, 1914. The only issue presented by this appeal is as to whether appellant agreed with Sharp to extend the time of payment of the note to January 1, 1915.

[1-3] A mere forbearance to sue, without an agreement not to do so, will not release a

surety from payment of a debt. Russell v. Miller, 40 Tex. 501; Houston v. Braden, 37 S. W. 468; Titterington v. Murrell, 90 S. W. 510; Bank v. Gilvin, 152 S. W. 654, 655; Hunter v. Clark, 28 Tex. 163. On the other hand, an agreement by the payee with the principal, for a valuable consideration, to extend a note for a definite time, made without the consent of the surety, will release the surety. Guerguin v. Boone, 33 Tex. Civ. App. 622, 77 S. W. 631; Wybrants v. Lutch, 24 Tex. 310; Pilgrim v. Dykes, 24 Tex. 383, 384. The consideration must be valid. Payne v. Powell, 14 Tex. 601; Andrews v. Hagadon, 54 Tex. 577, 578.

[4, 5] Where the payee of an interest-bearing obligation promises to forbear the collection of the same for a definite time, and the principal therein agrees to pay the interest for such time, such mutual promises, giving the creditor, on the one hand, a profitable investment, and the debtor, on the other hand, the use of the money for a definite time is a valuable consideration, and will be sufficient to enforce such agreement and to discharge the surety, if made without his consent. Benson v. Phipps, 87 Tex. 580–582, 29 S. W. 1061, 47 Am. St. Rep. 128. Such agreement, to amount to a valid consideration, must be mutual. Norris v. Graham, 42 S. W. 576. It must be for a definite time, so that until the expiration of that time the hands of both parties are tied, in that the creditor could not enforce the collection of the debt, and the debtor could not tender payment and stop the interest; hence the agreement must be unconditional, or, if upon a condition precedent, it must be shown that such condition has been complied with. Benson v. Phipps, supra, 87 Tex. 580, 29 S. W. 1061, 47 Am. St. Rep. 128; Barlow v. Frederick Stearns Co., 44 Tex. Civ. App. 321, 98 S. W. 456; Burke v. Cruger, 8 Tex. 70, 71, 58 Am. Dec. 102.

[6] The court submitted the case to the jury on a general charge, and their verdict necessarily includes a finding that there was such an agreement between appellant and Sharp as would discharge the sureties. Appellant, under a proper assignment of error, contends that the verdict is unsupported by the evidence. Had Sharp testified positively to such agreement, that would have been sufficient to sustain the verdict, and his testimony would have found circumstantial corroboration in the testimony of McCreary and several other witnesses who testified as to alleged statements by appellant. But the evidence shows that, if such agreement was made, but two parties knew that fact, viz. appellant and Sharp. Appellant positively denies making such agreement. We think that Sharp's testimony shows only a conditional agreement, to wit, that appellant would extend the note for 12 months if it was agreeable to the appellees herein. The evidence shows that the appellees never agreed to such extension. The evidence as to the al-

leged agreement is not, in our opinion, sufficient to sustain the verdict of the jury, for which reason the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.