**GEORGES v. FRICKE et al.** .(No. 6958.)

(Court of Civil Appeals of Texas. Austin. March 24, 1926. Rehearing Denied April 20, 1926.)

1. **Principal and surety ⪺161—In action on note against maker and surety, three years after maturity, during which time payee accepted annual interest, evidence held to show no agreement to extend payment to definite date releasing surety.**

In action against maker and surety, where, on due date, and for two years thereafter, payee accepted interest payments, and indorsed same on note, without surety's knowledge, evidence was *held* to show no definite agreement to extend payment to definite date which would release surety.

2. **Principal and surety ⪺105(1); 125—Forbearance to principal or extension of time to principal, in absence of binding contract to do so, does not release surety.**

Extension of time to principal by creditor without binding contract to do so, or by forbearance or indulgence, or by failure to prosecute demand diligently, does not release surety.

3. **Principal and surety ⪺105(1)—Extension agreement to release surety must be one which precludes him from payment of debt, or from requiring creditor to sue principal (Rev. St. 1911, arts. 6329, 6330).**

Extension agreement between principal and creditor to release surety must be one which precludes surety from payment of debt and proceeding against principal; or from requesting creditor to bring suit against principal, pursuant to Rev. St. 1911, arts. 6329, 6330.

4. **Principal and surety ⪺3—Statute providing that surety is released if creditor refuses. on surety's request, to sue principal held not repealed by Uniform Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197; Rev. St. 1911, arts. 6329, 6330).**

Rev. St. 1911, arts. 6329, 6330, providing that surety may request creditor in writing to sue principal, and on creditor's failure to do so surety is released, *held* not repealed by Uniform Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197).

5. **Principal and surety ⪺123(3)—Surety on note held not discharged by failure to give him notice of dishonor (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—89, 6001—102, 6001—103).**

Surety on note is not discharged from liability on failure to notify him of dishonor upon presentment; Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—89, 6001—102, 6001—103, referring only to indorsers and drawers of negotiable instruments, being inapplicable.

6. **Principal and surety ⪺126(1)—Remedy of surety on note for release is to request holder to sue maker (Rev. St. 1911, arts. 6329, 6330).**

In action on note, *held*, that surety thereon is primarily liable, and his only remedy for release is, pursuant to Rev. St. 1911, arts. 6329, 6330, to request holder to sue maker.

7. **Principal and surety ⪺125—Where, after maturity of note, payee accepted interest, but there was no agreement to extend payment to definite time, and surety had not requested payee to sue maker, surety was liable thereon (Rev. St. 1911, arts. 6329, 6330).**

Where payee accepted interest for three years after maturity of note, but there had been no definite agreement to extend payment to definite date, and holder could have sued any time, and surety had not, under Rev. St. 1911, arts. 6329, 6330, requested payee to sue, surety was liable on note.

Appeal from Fayette County Court; Theo. W. Lueders, Judge.

━━━━━

⪺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Willie Georges against Ernest Fricke and Emil Jacob. From a judgment for defendant Jacob, plaintiff appeals. Reversed and rendered.

Chas. Nesrsta, of San Antonio, and Geo. Willrich, of La Grange, for appellant.

Moss & Lowrey, of La Grange, for appellee Jacob.

BLAIR, J. Appellant sued appellees upon their joint promissory note to him for $400, dated at Round Top, Tex., January 1, 1921, and payable on or before one year after date. On its back was indorsed:

"Interest paid to Jan. 1, 1922.
"Interest paid to Jan. 1, 1923.
"Interest paid to Jan. 1, 1924."

Appellee Ernest Fricke made default, and judgment was rendered against him; and no complaint is here made with reference to that judgment. Appellee Emil Jacob answered that he was only surety on the note; that he had no notice of presentation and dishonor of the note by the maker at its maturity; and that appellant and maker at the maturity of the note entered into a binding contract of extension of payment without his knowledge or consent, whereby the appellant accepted the interest from the maker on January 1, 1922, and extended the time of payment for one year to January 1, 1923, and that like transactions took place January 1, 1923, and January 1, 1924, which transactions he pleaded as releasing him as surety on the note. At the conclusion of the testimony both parties filed motions for an instructed verdict, which were overruled. The court submitted, over appellant's objection, the following special issue:

"Special Issue No. 1: Did the plaintiff, Willie Georges, without the knowledge or consent of the defendant Emil Jacob, by any agreement binding upon the holder extend the time of payment or postpone the holder's right to enforce the payment on the note? You will answer this question 'yes' or 'no.'"

[1] The jury answered the question "Yes." By special recital in the judgment, the court based it upon the above finding of fact by the jury, and rendered judgment that appellant take nothing by his suit against appellee Jacob. Appellant objected to the submission of the issue, and urged that only by contracts to extend the time of payment of the note to a definite date, or to a time certain, would a surety without notice of such extension be released. The issue as submitted only determined whether the time had been extended; it made no reference to, or called for, any specific finding as to the date to which payment had been extended; nor does the testimony, in our opinion, fix any specific date to which the time of payment was extended. The appellee alleged that the extension date was January 1, 1923. There is no testimony

sustaining this allegation. Plaintiff's testimony is in substance:

"I let Mr. Fricke have this money January 1, 1921. Mr. Fricke wanted to borrow $400 from me. He said he would give me a good security man. When Fricke brought the note, he had the name of Emil Jacob on same, and then I let him have the money. Note was due on or before January 1, 1922. Interest was paid to January 1, 1922. Fricke paid the interest. When Mr. Fricke paid interest, I did not agree to extend the note for one year; I just let it alone. Fricke paid the interest up to January 1, 1922. I took the interest, and 'went off and let it alone until January 1, 1923,' before I collected the interest again. January 1, 1923, when Fricke paid the interest, I said nothing at all to Fricke; he just paid the interest, 'and I let it alone again.' January 1, 1924, note is credited with interest again; this interest was paid by Mr. Fricke. When this interest was paid January 1, 1924, I did not agree then to extend it another year. I said nothing; 'let it alone where it was.' No, sir, I did not postpone the payment of the principal from January 1, 1922, to 1st of January, 1923. I did not collect the note. I got only the interest. No, sir, I did not let the principal run another year; just let it go. * * * Yes, I say that I did not postpone the payment of the principal of this debt January 1, 1923. * * * When I collected the interest that was all I wanted; I did not want him to pay the principal; did not tell him anything; did not tell him that I wanted the principal. * * * January 1, 1923, I did not want the principal and interest both. * * * Collected the interest again January 1, 1923; did not want him to pay the principal. * * * Just wanted the interest. * * * January 1, 1924, I collected the interest, only the interest. Did not want the principal. January 1, 1925, he did not pay the interest, and then I wanted to collect the whole note; that was December 6, 1924; that was the first time I wanted him to pay the note. * * * Mr. Jacob was not present when the interest was paid January 1, 1922, 1923, and 1924. * * * I did not say anything to Mr. Jacob about paying this note before December 6, 1924. I just let it ride."

Ernest Fricke, the maker of the note, testified, in substance:

"I have seen that note before. Emil Jacob and I signed that note. There was nothing said particular between Willie Georges and myself when the interest was paid each time about the note being paid. He said: 'Pay me the interest,' and gave me the note to credit the interest. As to anything being said about extending the time of payment of the note, I only remember the first time he said, 'I would like to keep the note.' Sometimes the interest was paid before the 1st or somewhere along the 1st, of January. * * * When first payment was made, I told him I could not pay the note. He said that was all right. There was no big conversation, only a few words. * * * When I paid the interest January 1, 1922, that was for the preceding year. I paid interest January 1, 1922, 1923, and 1924. * * * I burned down November 12, 1924, and after this Mr. Georges asked me to pay the note. * * *

This note was due January 1, 1922, and then it was I said, 'Well, Bill, I can't pay anything now.' He said that was all right; to just pay the interest. * * * We* did not make any agreement to extend the note to any certain time. We did not extend it to any certain time. * * * You asked whether the payment of the note, in truth and in fact, was postponed from January 1, 1922, to January 1, 1923, and I answer, 'I expect so, according to the payments.' You ask whether, in truth and in fact, the payment of the note that I hold in my hand, after the interest was paid on January 1, 1922, was postponed until I paid the interest again on January 1, 1923, and my answer is that I would have considered it that way, because he didn't say anything that he wanted the money. You ask whether or not, in truth and in fact, when I paid the interest on the 1st of January, 1923, the note was again postponed until the 1st day of January, 1924, before I paid any interest again, and I answer, 'I would consider it the same way as the year before, because there was nothing said.' Yes; the interest was paid, and nothing was said and nothing done. Yes; the note was not paid, and he asked me for the money in December, 1924, and that was the first time since the issuance of the note that I was asked to pay the principal of the note. Yes; I only paid the annual interest on the note at three different interest paying periods. * * * There was no verbal or written agreement; would call it an unspoken agreement, I would have thought that he did not want the money. There was nothing said."

There is no dispute but that Emil Jacob was a surety. He knew nothing with reference to the payment of the interest as above detailed. He made no effort to comply with articles 6329 and 6330, Revised Statutes 1911, with reference to requesting the appellant in writing to bring suit against the principal, and, upon the appellant's failure to bring the suit, he would have been released. In fact he paid no attention whatsoever to the obligation after he had signed it, and did not know whether it had been paid until demand was made upon him for payment on December 6, 1924.

[2] The authorities are too well settled to necessitate an extensive discussion of the question that the giving of time to the principal by the creditor without a binding contract to do so, or by forbearance or indulgence, or failure by the creditor to prosecute his demand with active diligence, does not release the surety. Burke v. Cruger, 8 Tex. 66, 58 Am. Dec. 102; Hunter v. Clark, 28 Tex. 159; Nat. Bank of Commerce v. Gilvin (Tex. Civ. App.) 152 S. W. 652; Benson v. Phipps, 29 S. W. 1061, 87 Tex. 578, 47 Am. St. Rep. 128; Daugherty v. Wiles (Tex. Civ. App.) 156 S. W. 1089; Speer v. Rushing (Tex. Civ. App.) 183 S. W. 67.

In all of these cases it is held that the surety has a remedy in his own hand by which he can protect himself, that is, if he elects, as in this case, to lie still and take no action either to discharge his obligation to the creditor, who trusted him, by having the debt paid, or to protect himself by requiring in the proper mode greater diligence of the creditor, he must suffer; and it is held that articles 6329, 6330, supra, furnish him a complete remedy in such cases.

[3] The following authorities hold that, unless, the date of extension of payment is fixed and definite, the surety is not released; or that the agreement must be binding so as to preclude the creditor from bringing suit during the extended period; or that, if the extension was made to a definite time, but which permitted the principal to pay the obligation within the extended period and thereby stop interest, the surety was not released. The whole theory of the surety's release is based upon the extension agreement being such as will preclude him from payment of the debt and proceeding against the principal; or from requiring the holder to proceed with suit, as contemplated by articles 6329 and 6330, supra; and, if thus precluded he is released, otherwise he is not. Williams v. Bank (Tex. Civ. App.) 264 S. W. 195; Dickson v. Kilgore State Bank (Tex. Com. App.) 257 S. W. 867; Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 288.

[4-6] Appellee Jacob insists that the articles referred to have been repealed by the Uniform Negotiable Instruments Act; but such contention is without merit. They relate to a different subject, that is, the subject of principal and surety, while the new Negotiable Instruments Act defines itself. It is also contended that sections 89, 102, and 108 of article 6001, Vernon's Sayles' Statutes 1922, provide that a surety shall be discharged from liability in case of a failure to notify him of dishonor of the note when presented and payment refused by the maker. But such contention is wholly without merit, since those sections merely refer to indorsers and drawers of negotiable instruments, and have no reference to sureties. Williams v. Guaranty State Bank & Trust Co. (Tex. Civ. App.) 264 S. W. 194. The law is well settled in this state that a surety is primarily liable on a note, and his remedy for release is by compliance with the articles 6329 and 6330, supra; therefore the question of notice is not involved in this case.

[7] The case has been fully developed. There is no dispute as to the transactions that took place between the principal and the holder of the note. Neither testified that any definite agreement was made to extend payment to a definite date. The testimony shows that the holder could have sued at any time on the note. The surety could have demanded a compliance with articles 6329 and 6330, supra, at any time after maturity without interfering with any extension agreement. The principal could have paid the obligation at any time and stopped interest. So we conclude that under the undisputed facts the

surety was not released, and reverse the judgment of the trial court, and here render judgment for appellant against appellee Emil Jacob for the full amount of the note sued upon. Judgment against Fricke is not disturbed.

Reversed and rendered.