## WHITEHEAD v. BULKLEY.

### No. 10956.

Court of Civil Appeals of Texas. Dallas.
April 4, 1931.

Carter & Berwald, of Dallas, for appellant.

JONES, C. J.

Appellant, J. E. Whitehead, has appealed from a judgment of a district court of Dallas county, appointing a receiver to take charge of and administer all property of the Union Mortgage Company, a foreign corporation, remaining within this state and in the possession of appellant. The appointment of the receiver resulted from a suit filed by Edward T. Bulkley, appellee, against appellant, praying for judgment against appellant in the sum of $12,000, for money alleged to have been delivered to him as president of the Union Mortgage Company and resident manager of its affairs in the state of Texas, for the purpose of loaning it on real estate security. Under proper allegations as to the necessity therefor, a receiver was prayed for in this suit. The trial court made the following findings of fact:

[1] Rehearing pending.

"1. The Court finds that on or about July 15, 1925, plaintiff placed certain sums of money, totalling more than Twelve Thousand Dollars ($12,000) with defendant and that defendant contracted to loan said sums of money for plaintiff on first mortgages on real estate, defendant guaranteeing to pay to plaintiff 6% interest on said sums so placed with him, the defendant to make his profit out of interest collected in excess of 6%.

"2. That at the time said contract was made that defendant, J. E. Whitehead, was the President of a foreign corporation, to-wit: The Union Mortgage Company, whose permit to do business in Texas had on July 2, 1925, been forfeited by the Secretary of State of the State of Texas for failure to pay its franchise tax and that said permit of said corporation has not been revived to date; and that since said forfeiture, defendant, J. E. Whitehead, has been winding up the business of said corporation in the State of Texas, and has taken over all the assets of said corporation as the sole agent of the said corporation in Texas, and that he has been in active charge of said business.

"3. That defendant, in such capacity, received a collection of Two Hundred Twenty-Five and no/100 ($225) Dollars from J. A. Hutto, which money was the property of plaintiff and that said sum of money has not been remitted to plaintiff by defendant or accounted for by him.

"4. That defendant under the same circumstances received the sum of Nineteen Hundred Eight and no/100 ($1,908) Dollars from one O. K. Precure, which sum of money was the property of plaintiff. That defendant neither affirms nor denies the receipt of said sum of $1,908.00. That said money has not been remitted by defendant to plaintiff nor has it been accounted for by defendant.

"5. That both of said transactions occurred after the forfeiture of said corporation's permit to do business in Texas and while the said J. E. Whitehead was actively in charge of the business of said corporation and that said sums of money were paid to defendant within the State of Texas.

"6. The court further finds that as a fact that the defendant has intermingled the funds received from the plaintiff by the corporation with other funds of the corporation.

"7. That Union Mortgage Company has few assets in the State of Texas, which assets are being rapidly diminished and that said business is in imminent danger of insolvency, and that the remaining assets of said corporation are in danger of being lost or removed from the State and that unless a receiver is appointed, plaintiff will probably lose his debt."

While these findings are challenged by appellant, we are of opinion that the facts and circumstances in evidence warranted the court in making them, and we adopt same as the findings of this court on the material issues involved.

■ It is true, as contended by appellant, the evidence sustaining a number of these material findings are contained in letters to appellee or his attorney, signed by the Union Mortgage Company per J. E. Whitehead, president, and hence on their face show that the transactions, which form the basis of this suit, were those of the Union Mortgage Company, and not the personal transactions of appellant. As shown by these findings, the letters in question and all transactions in the name of the Union Mortgage Company, under inquiry, were had subsequent to the forfeiture of the permit of such mortgage company to do business in this state as a foreign corporation. Under such condition, the individual responsibility of appellant for these transactions must be determined by the provisions of article 7091, R. S. 1925. The forfeiture of the permit by the secretary of state of the corporation to do business in Texas was authorized by the provisions of this article.

The provisions of such article controlling the matter of appellant's responsibility in this matter reads: "Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

The effect of this provision, under the facts of the instant case, makes the new business, transacted in this state by the Union Mortgage Company, after the forfeiture of its permit was legally declared, the business and transactions of appellant, the only officer and director of the corporation residing in this state, and the letters in question, therefore, must be considered in law as the letters of appellant.

■■ When the Union Mortgage Company attempted to continue the transaction of business in this state, after the forfeiture of its permit, the property and assets within this state permitted to remain in the hands of appellant became charged with a trust for the benefit of appellee with whom such new business was contracted in the name of the mortgage company; and also to charge personal responsibility, incurred by reason of the new business transacted, against appellant, its president and director. It necessarily follows that the trial court was authorized to impound, through the means of the receiver,

such assets in the possession of appellant for the payment of appellee's claim, and hence did not err in appointing a receiver. The judgment is affirmed.

Affirmed.