## SCHWAB et al. v. SCHLUMBERGER WELL SURVEYING CORPORATION.

### No. 11780.

Court of Civil Appeals of Texas. Galveston.

June 6, 1946.

Rehearing Denied June 27, 1946.

K. C. Barkley, Jesse A. Pardue, and Herbert Tigner, all of Houston, for appellants.

Elliott A. Johnson and Horace C. Wells, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $679.80-judgment, rendered by the County Court at Law of Harris County, upon an agreed statement of facts, in favor of appellee corporation against appellants F. P. and M. F. Schwab, as individuals, and against S. K. & C. Company, a Texas corporation, upon the corporation's note to the appellee for $618, dated January 1, 1941, and maturing six months thereafter.

The S. K. & C. Company did not defend below, hence has not appealed, but the two Schwabs there denied any liability against them, under Article 7091, Vernon's Revised Civil Statutes of Texas, pursuant to which the trial court held them amenable to the S. K. & C. corporation's notes, in the facts obtaining, the same as if they had been partners with it in the note sued upon, instead of, as they admittedly were, officers and directors thereof at the time; they further pled, in the alternative, that if they were otherwise held to be personally liable because of that statute, then appellee's claim against them on the note was barred at the time of the suit by the two years statute of limitation, R.S. Article 5526.

An abstract of what are deemed the more material facts so agreed upon is this:

"This is a suit upon a promissory note dated January 1, 1941, in the sum of $618.-00, payable six months after date thereof, with interest at the rate of six per cent per annum thereon, from date until paid, whereby the makers promised to pay to Schlumberger Well Surveying Corporation, or its order, at Houston, Texas, said sum, according to the face and tenor of said note, and executed by S. K. & C. Company, by F. P. Schwab, President, and countersigned and attested by M. F. Schwab, Secretary, * * *.

"The original obligation out of which this indebtedness began was created by the S. K. & C. Company, a Texas corporation, for the services of the plaintiff (Schlumberger Corporation) in making surveys of said wells hereinafter specified, * * *.

"On July 2, 1940, the right of S. K. & C. Company to do business was suspended by the State of Texas for failure to pay its franchise tax, as evidenced by certificate by Claude Isbell, Secretary of State, State of Texas, dated May 21, 1945, and further certifying that the right of such corporation to do business had not been revived as of the date of said certificate * * *.

"After S. K. & C. Company's right to do business had been suspended and not revived by the State of Texas for failure to pay its franchise tax, and during the time of such suspension, F. P. Schwab, President of S. K. & C. Company, in a letter dated July 29, 1940, * * * offered the note dated back to July 1, 1940, in the sum of $600.00, payable to the order of Schlumberger Well Surveying Corporation by S. K. & C. Company, per F. P. Schwab, President, attested by M. F. Schwab, Secretary, due six months after date. This note was not paid when due, and S. K. & C. Company, per F. P. Schwab, President, in a letter dated January 7, 1941, * * * after the $600.00 note dated July 1, 1940, was past due, offered Schlumberger Well Surveying Corporation a renewal note in the sum of $618.00, dated January 1, 1941, extending the time for payment of the $600.00 note, dated July 1, 1940. Schlumberger Well Surveying Cor-

poration, per Elliott A. Johnson, addressed a letter to S. K. & C. Company, dated January 31, 1941, acknowledged receipt of the note in the sum of $618.00, dated January 1, 1941, representing renewal and extension of the $600.00 note dated July 1, 1940, and returned the note in the sum of $600.00, dated July 1, 1940, marked 'Cancelled by new note dated January 1, 1941', with said letter. * * * The said note dated January 1, 1941, in the sum of $618.00, has never been paid and is the subject of the suit herein.

"The S. K. & C. Company was duly incorporated under the laws of the State of Texas on October 24, 1938. The surveying services of the Schlumberger Well Surveying Corporation, which formed the basis for the original indebtedness, were performed by plaintiff for S. K. & C. Company, duly acting under its power and authority as a Texas corporation. The right of the S. K. & C. Company to do business was suspended by the State of Texas on July 2, 1940, for failure to pay its franchise tax, as evidenced by certificate of Claude Isbell, Secretary of the State of Texas, dated May 21, 1945, and further certifying that the right of the S. K. & C. Company to do business had not been revived as of the date of said certificate, * * *. The note sued upon was executed by S. K. & C. Company, per F. P. Schwab, President, attested by M F. Schwab, Secretary, subsequent to the date and during the suspension of the right to do business of said corporation by the State of Texas."

In so rendering its judgment, the trial court stated conclusions of law, which may be summarized as follows:

"1. F. P. Schwab and M. F. Schwab became personally liable on the note sued on by reason of the provisions of Texas R.S.Article 7091.

"2. F. P. Schwab and M. F. Schwab, in a letter dated July 29, 1940, and after S. K. & C. Company's right to do business in the State of Texas had been suspended, offered a renewal note, asking for an extension of time, which was accepted by Schlumberger. The act thereby became their personal act, as they procured a forbearance by Schlumberger to sue, and ex-

ecuted a new promise to pay interest, provided the note should be extended to the new due date, thereby creating a new obligation, which, under the terms of Article 7091, supra, was their personal obligation.

"3. The note sued on was a renewal note, the giving of which created a new obligation based on a valuable consideration. The new obligation is an agreement to pay interest, in consideration of Schlumberger's agreeing not to sue until the new note became due. * * *

"4. The effect of the provisions in Article 7091 * * * in this case, where a new obligation was created by reason of an extension of time being granted under a renewal note and the payee impliedly promised to surrender its present right to demand immediate payment of the indebtedness * * * and to forego suit during the extension period; and the payor corporation impliedly promised to pay said indebtedness on the new maturity date —all occurring during the time that the corporation's right to do business had been suspended by reason of the nonpayment of the franchise tax, is to make the officers who executed the renewal note, for the defendant corporation, personally liable on such indebtedness.

"5. A note made by defendant corporation and executed on behalf of said corporation by two of its officers, mailed by the maker from its office in San Antonio, Texas, to the payee in Houston, Texas, and accepted thereby the payee as renewal of a matured obligation of the maker, was a debt created or incurred with the knowledge, approval, and consent of the officers executing same, within this state.

"6. The two year statute of limitation does not apply, as Article .7091 provides that the officers incurring the obligation shall 'be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners.' The 'obligation' in this instance is a written promise to pay."

This cause upon appeal has been admirably briefed and argued by both sides, which accomplishment has greatly aided the court in reaching its conclusions thereon.

Appellants state but two points of claimed error against the judgment so rendered adversely to them below, which, in his verbis, are these:

"(1) The court erred in entering personal judgment against appellants as President and Secretary of S. K. & C. Company, under and by virtue of Article 7091 of the Revised Civil Statutes, because the act of giving a renewal note of S. K. & C. Company by appellants did not constitute a debt 'created or incurred', within the meaning of said statutes, as held by the trial court.

"(2) The trial court erred in entering judgment against appellants, even if appellants were liable under Article 7091, in holding that appellee's claim was not barred by the two-year statute of limitation."

The appellee, in turn, replies with these answers:

"(1) The court did not err in giving personal judgment against F. P. Schwab and M. F. Schwab, because their act in asking plaintiff to forego suit for a period of six months, and their agreement to pay interest for that period after the offer had been accepted by plaintiff constituted a new contract based upon a valuable consideration, and created an indebtedness after and during the time of the suspension of the corporation's right to do business, under the meaning of Article 7091.

"(2) The transaction of the two officers of S. K. & C. Company, namely, F. P. Schwab and M. F. Schwab, after and during the time the corporation's right to do business had been suspended, became the personal acts of such officers, and, therefore, they became personally liable thereon, under the provisions of Article 7091.

"(3) The court did not err in holding the two-year statute of limitation inapplicable in this case, because the indebtedness of appellants was evidenced by an instrument in writing."

Without extended discussion, this court holds with the appellee's answering con-

tingents, sustains the trial court's quoted conclusions, and affirms its judgment.

The statute involved seems to call for very little construction, when applied to clean-cut and simple facts like those so agreed upon in this instance, in that it seems to have plainly meant what it so directly says; that is, just this, to quote its exact terms:

"Each director and officer of any corporation whose right to do business within.this State shall be so forfeited shall, as to any and all debts of such corporation which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

Indeed, as their contentions presage, about the only argument appellants make to the contrary is that, because the note here in suit was a renewal one of a foregoing note of the same character, which the statement of facts fully recites, such a renewal 'alone did not constitute or create any debt upon that company's part within the meaning of the cited statute, hence that, since the claimed debt was then, in any event, more than two years past due, the claim was barred by cited Article 5526.

They cite a number of authorities, apparently based on dissimilar statutes of other jurisdictions, and some texts, relying upon such holdings as constituting the law contended for.

But a sufficient answer to that position, in this court's opinion, is two-fold, to this effect:

(1) It is well settled, under the Texas Supreme Court's holdings, that such an extension as was procured in this case by the execution and delivery of the note on which the judgment was rendered did create a new obligation as of its date; Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061, 47 Am.St.Rep. 128; McNeill v. Simpson, Tex.Com.App., 39 S.W.2d 835.

(2) Upon analogous facts with respect to that feature, our Texas courts have already held that the individual responsibility of such officers and directors of their corporation, as the appellants here admittedly were, must be determined by the plain provisions of our Article 7091; Whitehead v. Bulkley, Tex.Civ.App., 37 S. W.2d 1112.

These conclusions seem demonstrable from the fact that, while the two letters, upon which the appellants rely in this connection, from them to the appellee, the one dated July 29, 1940, and the other January 7, 1940, were signed only by appellant F. P. Schwab, the notes respectively enclosed in each were signed by both F. P. and M. F. Schwab; these letters and the accompanying notes were thus indisputably parts of the same transaction, being in every respect in pari materia, and must be construed together. When that well settled rule is applied to them, there can be no doubt, it is thought, that such letters and the notes in both instances constituted complete offers of payment by the appellants of the principal and interest of the indebtedness therein specified, which induced the appellee to forego its then-existing right of suit for the respective periods of time therein specified, which were in each instance for six months; that being true, only the four years statute of limitation, R.S.Article 5527, applied to the renewal obligation so sued upon by the appellee, and it—admittedly—had not run off at the time this suit was filed.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require that the judgment of the trial court be affirmed; it will be so ordered.

Affirmed.