## Piper v. Newcomer & Campbell.

Principal and surety: JOINT MAKER: SURETYSHIP SHOWN ALIUNDE. It may be shown by evidence *aliunde* that one who is nominally a joint maker of a promissory note is in fact but a surety. And a surety of this character is entitled to all the benefits of sections 1819, 1820 of the Revision.

*Appeal from Jasper District Court.*

SATURDAY, JUNE 27.

SURETY: DISCHARGE OF. — Action on note. Campbell appeals from an order of the District Court sustaining a demurrer to his answer.

*S. G. Smith* for the appellant.

*Lindley & Ryan* for the appellee.

DILLON, Ch. J. — The plaintiff is the payee and defendants the joint makers of a promissory note. Campbell pleaded as a defense that he was surety only, and had given the plaintiff notice in writing requiring him to sue upon the note or to permit the appellant to do so; that plaintiff allowed more than ten days to elapse without complying with said notice. (Rev. §§ 1819, 1820.)

The only specific ground set down in the demurrer is that where the action is upon a *joint note* one of the makers, though a surety, is not entitled to the benefit of

the sections of the statute before cited. In sustaining the demurrer on this ground the court erred.

There is nothing in chapter 75 favoring the notion that its provisions do not extend to sureties on contracts which are joint as well as to those which are joint and several. There is no reason for the supposed distinction. The suretyship of appellant, if it existed, must have been known to the payee, and may be shown by evidence *aliunde. Kelly* v. *Gillespie*, 12 Iowa, 55; *Corielle*, v. *Allen*, 13 id. 289; *Chambers* v. *Cochran*, 18 id. 159, and authorities cited; *Lauman* v. *Nichols*, 15 id. 161.

The only other ground of demurrer is " that the answer is not sufficient in law." This is too general and ought to have been disregarded by the court. Rev. § 2877; *Mc-Kellar* v. *Stout*, 13 Iowa, 487; *Jones* v. *Brunskill*, 18 id. 130.

As the answer is good as respects the objections specifically made, it is needless to examine whether it is otherwise defective. See *National Bank of Newton* v. *Smith*, *ante*, p. 210; *Hill* v. *Sherman*, 15 Iowa, 365.

The judgment is reversed and cause remanded.

Reversed.