[No. 2556. Decided October 19, 1897.]

OLE NELSON, *Respondent*, v. A. E. FLAGG *et ux.*, *Defendants*, DAN C. ROSE, *Appellant*.

EXTENSION OF NOTE — CONSIDERATION — DISCHARGE OF SURETY.

An agreement between the maker and holder of a note to extend the time of payment for a definite period, thus obligating the maker to pay the rate of interest provided for in the note during the period of extension, constitutes such a new contract between the parties as to discharge a surety when not made with his knowledge or consent.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Reversed.

*Lindsay, King & Turner*, for appellant:

Appellant contends that the changed relations of the parties growing out of the new contract—new and reciprocal obligations and benefits—afford the required consideration, such sufficient consideration, as is always afforded by mutual promises. *Binnian v. Jennings*, 14 Wash. 677; *Warburton v. Ralph*, 9 Wash. 537; *Culbertson v. Wilcox*,

11 Wash. 522; *Sloan v. Latimer*, 19 S. E. 491; *McComb v. Kittridge*, 14 Ohio, 348.

*Humphries, Humphrey & Edsen*, for respondent:

An agreement by the principal to continue to pay the same rate of interest is not a sufficient consideration to sustain a promise to extend the time of payment; and an extension upon such consideration, without the knowledge or consent of the surety, does not discharge the surety. *Abel v. Alexander*, 45 Ind. 523 (15 Am. Rep. 270); *Reynolds v. Ward*, 5 Wend. 501; *Byers v. Harris*, 67 Iowa, 685; *Smith v. Mason*, 63 N. W. 41; *Eaton v. Whitmore*, 45 Pac. 451.

The opinion of the court was delivered by

GORDON, J.—The appellant was surety upon a promissory note executed by defendants Flagg and wife to the respondent. The note bears date November 21, 1893, payable one year thereafter, with interest at ten per cent. At or about the time of the maturity of the note, without the knowledge or consent of the appellant, the makers and the respondent entered into an arrangement whereby an extension of the time of payment for the period of one year was granted. The contract of extension was evidenced by the following memorandum indorsed on the back of the note, viz: "November 21, 1894. Extended one year from date at the request of makers, A. E. Flagg and Lola J. Flagg. (Signed.) Ole Nelson." The court below found that "the plaintiff subscribed his name without receiving any consideration for the same and nothing was paid or agreed to be paid, and the written statement contained the whole contract between plaintiff and defendants Flagg in regard to the extension of time," and rendered judgment against the surety, who has appealed therefrom.

The brief of respondent contains an objection to the court's considering appellant's exceptions for the reason that more than five days elapsed between the entering of judgment and the filing of the exceptions. Were we to sustain the objection to the exceptions it would still remain to be considered whether the findings justify the judgment, and the determination of that question necessarily involves the sole question arising on the merits, viz., was the agreement for extension based on any sufficient consideration. It becomes immaterial, therefore, that we should consider or pass upon the objection, and the case will be disposed of upon the merits.

The question involved is one upon which the authorities are conflicting, and in its present form is before this court for the first time, although in *Binnian v. Jennings*, 14 Wash. 677 (45 Pac. 302), very much of the opinion of the court was applicable to the case presented here. While the real question in that case was whether the payment of interest in advance for a definite period constituted a sufficient consideration, this court, in holding that such consideration was sufficient, supported its reasoning by a citation of cases involving facts similar to those presented by this record.

But, treating the question as one heretofore undetermined by this court, we think that there are all the elements of a valid contract to be gathered from the indorsement under consideration. The effect of the indorsement in this case, in the light of the finding that it was at the maker's request and with his consent, was to postpone the time of payment for one year. The consideration flowing to the holder was the implied promise of the maker to pay interest during the full period of the extension at the rate expressed in the instrument; and the promise of the holder to forbear suit for a definite period constituted a good consideration

for the agreement upon the part of the maker to pay interest for such full period.    Here are all the elements of a valid contract, and upon principle we are unable to see why such an agreement should not be sustained by the courts. The reasoning so often advanced by courts holding a contrary doctrine, that the maker under such circumstances assumes no additional obligation, that the note by its terms binds him to pay interest until the note is paid, does not, in our opinion, meet the case.    It overlooks the fact that by the new agreement the maker is bound to pay interest for the full term, whereas, aside from such new agreement, it would be his privilege to make payment at any time.

Upon this question Mr. Brandt, in his valuable treatise on Suretyship, § 354, says:

"If, after a debt bearing interest becomes due, the creditor agrees to extend the time of payment for a definite period, and the principal agrees to pay the same rate of interest the debt would otherwise bear for that time, it seems the better opinion that the surety is thereby discharged."

In the recent case of *Eaton v. Whitmore*, 3 Kan. App. 760 (45 Pac. 451), a case cited by respondent, but which we think does not support his side of the question, the court say:

"Although, in this case, the consideration for the claimed agreement for an extension may have been merely the promise of Whitmore to pay interest at a less rate than that which, by the terms of the note, he had already promised to pay, yet we are of the opinion, if it was a promise to pay such interest for a definite future time, it furnished a valid and sufficient consideration to support an agreement to extend the time of payment for such period.    It is true, the amount agreed to be paid is no more, and in this particular case was *less*, than could be demanded under the original contract, provided payment was delayed for a like period of time as a mere matter of indulgence;   but by the

new agreement, there was ingrafted on the original contract a new and additional feature—that the maker of the note waived his right to stop interest by paying the debt at any time after maturity, and bound himself to pay interest for a further and definite time. He thereby assumed an obligation which was not before imposed upon him, and the holder of the note acquired an additional substantial right —that of refusing payment, and exacting interest for the full period of the extension. Such mutual promises are a sufficient consideration, each for the other."

The cases upon this question are numerous, and have been reviewed so often that it would be useless and unprofitable for us to attempt to do so in the present instance. We must be content simply to announce our view of the question upon principle, and that leads to a reversal of the cause, which is remanded with direction to the lower court to enter judgment in favor of the appellant.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.