FULLERTON LUMBER COMPANY v. J. J. SNOUFFER, JR., AND ANN J. SNOUFFER, Appellants.

**Principal and surety:** EXTENSION OF PAYMENT: DISCHARGE OF SURETY:
1 EVIDENCE. Unless the act of an agent for the payee of a note in extending the time of payment is either authorized or subsequently ratified it will not operate to release a surety. Evidence held to require submission of the agent's authority to extend time of payment of the note in suit.

**Same.** The Negotiable Instruments Act is not applicable to an
2 action on a promissory note between the payee and makers, though the instrument is negotiable in form; so that a signer may show by parol that he is a surety only and that time of payment has been extended without his consent, thus discharging him.

*Appeal from Linn District Court.*— HON. F. O. ELLISON, Judge.

THURSDAY, JULY 9, 1908.

SUIT upon a promissory note. There was a directed verdict for the plaintiff, and from a judgment thereon the defendants appeal.— *Reversed*.

*Jamison & Smyth,* for appellants.

*Chas. D. Harrison,* for appellee.

SHERWIN, J.— The note in suit was dated January 1, 1905, and was due October 1, 1905. Both defendants signed the note as makers thereof; but the appellant Ann J. Snouffer pleaded that she was in fact a surety only and that the time of payment had been extended without her consent or knowledge, and there was evidence tending to support such defense. Mr. R. C. Cutter was the manager of the plaintiff's business in Cedar Rapids, Iowa, its home office being in Minneapolis, Minn., and he took the note and made the alleged extension of the time of payment. The appellee contends that there was no evidence that Cutter had authority to extend the time of payment or that his act had been in any way ratified.

It will, of course, be conceded that if Cutter had no authority to extend the time of payment of the note, and if his act was not ratified by the appellee, Mrs. Snouffer was not released from liability thereon. That an agent cannot bind his principal beyond the scope of his authority is well settled. But it was shown that Cutter had general authority to extend credit on sales made by him for the appellee and to fix the time of such credit. It was also shown that he was specially authorized to accept the note in suit in settlement of an account against J. J. Snouffer, Jr., and that he was given authority to fix the time when the note should become due. Furthermore, it appears that Cutter was paid in advance the interest which would accrue for the extended time, and that the appellee received the money and made no objection thereto. With such facts in the record, we think the authority of Cutter was a question for the jury, and not for the court. There was evidence which would have warranted the jury in finding that the time of payment had been extended for a valuable consideration without the knowledge or consent to Ann J. Snouffer, and the entire question on this

1. PRINCIPAL AND SURETY: extension of payment: discharge of surety: evidence.

VOL. 139 IA.—12

branch of the case should have been submitted to the jury.

While conceding that Ann J. Snouffer was a surety on the note, the appellee insists that by the terms of the note itself she was bound to pay the same, and hence was pri-

2. SAME.

marily liable thereon, within the meaning of section 3060a192, Code Supp. 1907, the Negotiable Instruments Act. It is in the following language: " The person ' primarily ' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are secondarily liable." Section 3060a120 of the same act provides that a person " secondarily liable " on a note is discharged by an extension of the time of payment without his consent, and the appellee argues that the provision of this section clearly designates the person entitled to the benefit of such defense, and the only person so entitled. If this were an action between holders in due course, within the meaning of the Negotiable Instruments Act, and the appellant Ann J. Snouffer, we are inclined to the view that the appellee's contention would be sound. But we do not determine the point, because we are of the opinion that said act is not applicable to this case. Here the issue is between the parties to the instrument, and the rights of holders in due course are not involved. As we understand it, the entire scope and purpose of the act, so far, at least, as it affects the question before us, is to fix the rights of holders in due course and to make it uniform in the several States. This we think is apparent from the act itself. Thus section 3060a58 in terms says: " In the hands of any holder other, than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable." Negotiability is not necessary to the validity of a promissory note, and the mere fact that it is negotiable in form does not, as between the maker and payee, deprive the former of any defense thereto that he would otherwise have. If this be true, the appellant Ann J. Snouffer had the right to show by parol that she was a surety only on the note in

suit and that the time of payment had been extended without her consent. *Chambers v. Cochran & Brock,* 18 Iowa, 159; *Piper v. Newcomer,* 25 Iowa, 221.

This rule has not been changed by the act in question, and we think there was error in directing a verdict for the plaintiff. The judgment must therefore be — *Reversed.*