[Civil No. 2544.    Filed November 21, 1927.]

[261 Pac. 33.]

JOSIAH W. MARLEY and CORA A. MARLEY, His Wife, Appellants, v. D. E. McLAUGHLIN, FIRST NATIONAL BANK OF BELEN, NEW MEXICO, a Corporation, and BECKER MERCANTILE COMPANY, a Corporation, Appellees.

Mr. W. E. Ferguson, and Mr. J. Early Craig, for Appellants.

Messrs. Norris, Norris & Flynn, for Appellees.

ROSS, C. J.—This suit was brought by D. E. Mc-Laughlin, as assignee of a note and mortgage of Josiah W. Marley and Cora A. Marley, his wife, to recover on note and to foreclose mortgage security. McLaughlin is only a nominal plaintiff, the real owners of the note and mortgage sued on being the Becker Mercantile Company and the First National Bank of Belen. The Merchants' & Stockgrowers' Bank and the Bank of Gilbert were made defendants because they held junior mortgages on the property. The property mortgaged is a quarter section of land situate near Gilbert, Maricopa county, and we shall refer to it as the Valley Ranch.

The note contained an accelerating clause for failure to pay interest when due, and the mortgage, besides said clause, also contained a clause maturing the note and mortgage for failure to pay taxes and water rent on premises. On account of defaults in

these respects, the maturity of defendants' paper is alleged in the complaint and judgment prayed for.

The defendants' answer was a plea in abatement setting up prematurity of suit, demurrer, and claim for damages, the latter being also set up by cross-complaint. The plaintiffs' demurrer to the plea in abatement was sustained and the demurrer to complaint overruled. The trial was had to a jury, and, at the close of the evidence, a directed verdict was returned in favor of plaintiffs for the full amount sued for, interest, costs, and attorneys' fees. Upon such verdict judgment was entered.

The appellants' (Marleys') first contention is that their plea in abatement was good and that the court erred in sustaining the demurrer thereto. The plea is to the effect that the assignor of the plaintiff McLaughlin, to wit, Prudential Insurance Company of America, through its duly authorized local agent, had promised the defendants that it would allow two weeks' notice to them, or to their attorney-in-fact, before the commencement of suit upon the note sued on; that the charge of such agent for his services in making an extension of time was two per cent of the amount of loan, and that defendants promised and were willing to pay such commission if the loan were extended at any time thereafter; that they intended to keep and perform such promise, and they believed plaintiff took the assignment of note and mortgage with full knowledge of promise; that the Prudential Insurance Company, after it became the holder of such paper, in writing extended the time of payment and provided in such written extension that the note was payable at its home office in Newark, N. J.; that it was the belief of defendants that the note was not presented for payment at such office before the institution of this suit.

It seems to us that the effect of this plea is not that an extension was actually given but that one was promised to be given. If this construction is correct, then the plea would not be good. The promise to give an extension, if and when necessary, is not the same as an agreement actually extending the time of maturity. If, however, it can be concluded that the facts stated in the plea amount to a promise of extension, it would still be bad, as it is not shown that any consideration whatever passed from defendants to the Prudential Insurance Company or its agent. That for an extension of time in which to pay a negotiable note there must be a legal and valid consideration is the undoubted law. It is said in 8 C. J. 434, § 643:

"An agreement for extension of the time of payment of a bill or note involves a promise by the holder to forbear, and this, like other promises, is not binding unless it is supported by a consideration, and such consideration is a valid and legal one. It follows that, if there is no sufficient consideration, the holder may sue at any time after the original instrument is due. . . . "

See, also, *Maker* v. *Taft*, 41 Okl. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 328, and note at 331.

Neither is that feature of the plea challenging the plaintiffs' right to bring and maintain the suit because the note was not presented at the home office of the Prudential Insurance Company good as a plea in abatement. The note sued on is not a demand note, and it is only that character of note that must be presented for payment before suit is brought, and that is because it is not due until payment is demanded. The rule in this country is well settled that the holder of an overdue note, made payable at a time and place certain, may sue the maker thereof without averring or proving a demand for payment. 8 C. J. 527, § 741; *Wallace* v. *McConnell*, 13 Pet. 136, 10 L. Ed. 95.

For the same reasons urged in support of the proposition that the plea in abatement was good, it is said the demurrer to the complaint should have been sustained. This contention is not tenable. The complaint clearly states a good cause of action.

The rest of the assigned errors grow out of the rulings of the court in the course of the trial and concern the issues raised, or attempted to be raised, by defendants' special defense and counterclaim. These in effect charge that the Becker Mercantile Company, the First National Bank of Belen, and the Merchants' & Stockgrowers' Bank had failed and neglected to enter satisfaction of certain other mortgages of defendants against the property here being foreclosed, and other property of defendants, and against the property of N. H. Marley and R. S. Marley, when in fact said mortgages had been paid off and superseded by a new mortgage upon all of defendants' property and all of the property of said N. H. Marley and R. S. Marley; that the failure to enter satisfaction of said mortgages of record was collusive among said institutions and done for the purpose of destroying the defendants' credit; that, as a result of the failure to enter satisfaction of record, as they had agreed and promised to do, the defendants were not able to raise money to finance the farming of their Valley Ranch, or to pay their taxes, or to pay water rent, to their damage in the sum of fifteen thousand dollars.

It is seen that the only act charged against plaintiffs is that they did not satisfy of record certain mortgages which it is claimed had been paid by the giving of another mortgage of a later date. There is no averment nor evidence that defendants ever requested the plaintiff to enter satisfaction of such mortgages, or ever tendered to the plaintiffs the costs of making such entry. While the mortgagor who has paid his mortgage is entitled to have the record

show satisfaction, the statute requires that he bear such expense. The mortgagee is not legally re-. quired to advance such expense. The statute governing the matter is paragraph 4102, Civil Code of 1913, and reads as follows:

"If any such person receiving satisfaction shall not, within ten days after request and tender of cost, acknowledge satisfaction on the margin of the record or deliver to the person making satisfaction a sufficient deed of release, he shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars, and also all actual damages occasioned by such neglect and refusal."

If defendants in their counterclaim had averred a compliance with the statute and the same had been sustained by proper evidence, then, as we understand the statute, they would be entitled to recover not only the penalty named but the actual damages they might have sustained by reason of a failure on the part of the mortgagees to enter satisfaction of such instruments. Apparently the defendants in their special defense and counterclaim gave no consideration to this statute but proceeded upon the theory that they were entitled to recover damages generally for the failure of the plaintiffs to cancel said mortgages of record. By their own showing, defendants knew in March, 1922, that all said mortgages were paid off and discharged by the giving of the new mortgage. They knew their right to institute an action, within ten days after ·request and tender of costs to the plaintiffs, would accrue if plaintiffs failed to execute satisfaction or release. As is said in *Morrill* v. *Title Guaranty & Surety Co.,* 94 Wash. 258, 162 Pac. 360, 163 Pac. 733:

"To permit them to recover would be to afford them a remedy for something the statute sought to avoid, that is, the enhancement of damages by the lapse of time."

The defendants' claim of damages was predicated, both in the counterclaim and the evidence, upon the plaintiffs preventing them from doing any farming whatsoever; yet the damages sought to be proved were profits they might have made had they prepared the land, sowed it, and raised crops to maturity. If plaintiffs' act prevented the defendants from using the land for the purpose for which it was suited, we think the proper measure of damages would have been its rental value and not the value of crops that were never planted. Profits for crops, the seed for which was not bought and for the planting of which no soil preparations were made, are entirely too speculative and conjectural to form the basis of damages. *Wolcott* v. *Mount,* 36 N. J. L. 262, 13 Am. Rep. 438, affirmed 38 N. J. L. 496, 20 Am. Rep. 425; *Crosby* v. *Murray,* 24 Ariz. 446, 210 Pac. 1046.

Another fatal objection to defendants' counterclaim is that it does not arise out of the contract or transaction pleaded in the complaint as the foundation of plaintiffs' claim, and is not connected with the subject of the action. Neither is it the setting off of one contract against another contract. Paragraph 480, Civil Code. The defendants' demand in their counterclaim does not arise out of the contract set out in the complaint. The contract sued on is defendants' promise to pay the sum called for by their note and to foreclose the security. The defendants' demand arises from the alleged wrongful acts of plaintiffs in failing to cancel of record other mortgages than the one being foreclosed. These acts are entirely independent of the note and mortgage sued upon and are in no way connected therewith. The counterclaim is not authorized by the terms of the statute. *Haberle-Crystal Spring Brewing Co.* v. *Handrahan,* 100 Misc. Rep. 163, 165 N. Y. Supp. 251.

All the assignments of error based upon the special answer and the counterclaim are innocuous, for the reason that such defenses were not good as against the cause of action set out in the complaint.

Error is assigned because the court sustained an objection to the following question: "Did you ever at any time make a conditional offer to pay off this mortgage that is being sued on herein?" As was said by the trial court, a conditional offer is no offer at all.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.