J. F. EILERS, Appellant, v. FRITZ FRIELING et al., Appellees.

No. 40450.

JANUARY 20, 1931.

*George A. Anderson* and *Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Stephens & Thornell* and *Paul L. Millhone,* for appellee.

WAGNER, J.—The matters in controversy are only those as between plaintiff, the payee of the note in suit, and Wagoner, whose obligation thereon is only that of surety. The note bears date of September 10, 1922, is due and payable March 1, 1924, is for $1,600, and bears interest "at the rate of 6 per cent per annum, payable annually." The note was signed by Fritz Frieling and his wife, Sophia Frieling, and the appellee J. H. Wagoner. There is involved in this litigation no issue as between the plaintiff and the Frielings. The various complaints of the appellant will be noted as we proceed.

The appellant complains of the ruling of the court in overruling his objection to a question propounded to one of his witnesses on cross-examination. If the answer to said question were

excluded, the equivalent of said testimony remains in the record. Therefore, there is no error at this point of which the appellant can complain.

At the conclusion of the evidence, the attorney for appellee made the statement that he desired to file an amendment to his answer, to conform to the evidence, and the court remarked, at the time, that he would like to see the amendment before he made any ruling. In the amendment, which was filed forthwith, the appellee alleged that the note of $1,600 sued upon shows upon its face that it was due upon March 1, 1924; that said note was extended by the plaintiff, J. F. Eilers, on September 1, 1924, for one year, and was again extended by the plaintiff, J. F. Eilers, on September 10, 1925, for another year, and was again extended by the said J. F. Eilers on September 10, 1926, for another year, and was again extended by the said J. F. Eilers September 10, 1927, for another year, and said note was again extended by the said J. F. Eilers on September 10, 1928, for one year; and that said extensions were made without the knowledge or consent of the appellee, who was a surety only upon said note, etc. Plaintiff filed a motion to strike said amendment, on the grounds that it was not filed in time, and that it does not conform the pleadings to the proof, which motion was by the court overruled. This ruling is now assigned as error. There is evidence in substantiation of the averments of the amendment. We find no error at this point. The appellant's attorney, on direct examination of plaintiff, asked the question whether he had, at any time after the note was executed, made an extension of the note. Evidence relative to the same matter was drawn out on cross-examination of the plaintiff and his wife. There was no objection to this cross-examination of the plaintiff. The proof thus elicited on cross-examination is what prompted the filing of the amendment. It is the general and well established rule in this state that courts are very liberal in allowing amendments to pleadings, and especially where the amendment is proper to conform the pleadings to the proof. This matter rests largely in the discretion of the trial court. See *Farmers Mercantile Co. v. Farmers Ins. Co.,* 161 Iowa 5; *Fisher v. McCarty,*

197 Iowa 369; *Blandon v. Glover*, 67 Iowa 615; *Matheson v. Iowa State Trav. Men's Assn.*, 180 Iowa 1019; *Thomas v. Town of Brooklyn*, 58 Iowa 438. The appellant made no allegation of surprise,—could not well have done so, since he interrogated the plaintiff as a witness on direct examination concerning the same matter,—did not ask for a continuance, and we fail to find any prejudice to his substantial rights. We find no abuse of discretion in the ruling of the trial court.

The appellant filed a motion in arrest of judgment, which was overruled. It is the appellant's contention that the allegations of the amendment are insufficient to constitute a defense. The sufficiency of the amendment as a pleading was not attacked. While, perhaps, the amendment may not be considered a model, and could have been more specific, yet it cannot be said that it wholly fails to state a defense, within the purview of the provisions of Section 11554 of the Code of 1927. There was no error in overruling the motion in arrest of judgment.

The appellant's chief complaint is that the trial court was wrong in finding against him and in favor of the appellee on the evidence. We have made repeated pronouncements to the  effect that, in actions at law tried to the court without a jury, the decision of the court on questions of fact have the same weight, force, and effect as would the verdict of a jury. See *Scott v. People's Monthly Co.*, 209 Iowa 503; *Gregerson Bros. v. J. G. Cherry Co.*, 210 Iowa 538. The case is not triable *de novo* in this court. The question confronting us is not what would be our finding on the facts from the evidence introduced, but whether there is evidence in support of the findings of the trial court. In other words, Is there evidence and the fair inference to be drawn therefrom from which the trial court could arrive at its findings? If so, we would not be justified in reversing.

It is well settled that, where the payee of a promissory note executed by a principal and surety makes a binding agreement with the principal debtor, without the consent of the surety, to

 extend the time of payment of the note to a certain, definite time, the surety is thereby discharged from liability. See *Fullerton Lbr. Co. v. Snouffer*, 139 Iowa 176. The uncontradicted evidence is that Wagoner's liability was only that of surety, and that, if any extension of time was given by the maker to Frieling, it was without his consent. There is evidence in the record, not objected to, from which, and the fair inferences to be drawn therefrom, the trier of the facts could properly find that, when the annual payment of interest was made the first year, the plaintiff and Frieling agreed that the note was to run for another year, and that such was the case at the time each annual payment of interest was made thereafter. If there was an agreement between plaintiff and Frieling that the note was to run for another year, then the time is definite and certain, and does not lack mutuality. In that event, if the agreement is supported by consideration, the plaintiff could not recover upon the note until the expiration of the year, —the time for which the note was to continue to run; and in that event, the maker could not, during said period of time, make payment and demand his note. Therefore, in that event, it was binding as to time upon both the payee and the principal debtor, and, as stated, there was no lack of mutuality.

But the appellant contends that the agreement is without consideration. Our cases hold to the contrary. See *Lahn v. Koep*, 139 Iowa 349, and *Conkling v. Young*, 141 Iowa 676, where  it is held that a promise or agreement by the maker to keep the money and pay the interest for an agreed definite period of time is sufficient consideration for the promise or agreement by the payee to extend the time of payment for said definite period of time. In such event, the agreement or promise of each becomes the consideration for the agreement or promise of the other.

But the appellant contends that the record fails to show any promise or agreement by Frieling that he would keep the money and pay the interest, and that there is nothing to show what rate of interest he was to pay. As hereinbefore stated, the trier of the facts could find, from the evidence and the fair inferences to be drawn therefrom, that the note was to run an-

other year. Under such circumstances, it will be implied that the maker is to pay the interest during the full period of the extension at the rate expressed in the note. See *Nelson v. Flagg,* 18 Wash. 39 (50 Pac. 571); *Benson v. Phipps,* 87 Tex. 578 (29 S. W. 1061). In *Nelson v. Flagg,* 18 Wash. 39 (50 Pac. 571), the record shows an agreement for extension of time for one year. The court said:

"*The consideration flowing to the holder was the implied promise of the maker to pay interest during the full period of the extension at the rate expressed in the instrument*; and the promise of the holder to forbear suit for a definite period constituted a good consideration for the agreement upon part of the maker to pay interest for such full period. Here are all the elements of a valid contract * * *." (Writer's italics.)

In *Benson v. Phipps,* 87 Tex. 578 (29 S. W. 1061), the court made the following pronouncement:

"*In case of a debt which bears interest either by convention or by operation of law, when an extension for a definite period is agreed upon by the parties thereto, the contract is that the creditor will forbear suit during the time of the extension and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; the former secures an interest-bearing investment for a definite period of time.* One gives up his right to sue for a period in consideration of a promise to pay interest during the whole of the time; the other relinquishes his right to pay during the same period in consideration of the promise of forbearance." (Writer's italics.)

In view of the cited cases and the record before us, the trier of the facts could properly find an agreement by plaintiff, the payee, and Frieling, the principal debtor, whereby the note was to run for another year, and whereby the payee agreed to extend the time of payment of the note for one year, and whereby Frieling agreed to keep the money during said period of time and to pay interest at the rate and on the terms specified in the note. In that event, the promise or agreement of each would be sufficient consideration for the promise or agreement of the

other. It thus becomes apparent that the finding and judgment of the trial court is not without support in the evidence.

The appellant has had a fair trial, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

All the justices concur.