LEONA BENSON, Appellant, v. OTIS D. ALLEMAN, Appellee.

No. 43149.

NOVEMBER 12, 1935.

George Wrightman, for appellant.

Bump, Graeser, Walters & Bump, for appellee.

POWERS, J.—This case presents for decision the question whether a person who signs a negotiable promissory note on

the face as a maker with another may show in an action on the note in the hands of the original payee that he signed only for the accommodation of the other maker and as surety for such other maker and that he is only secondarily liable for the payment of the note within the meaning of the amendment to the Bankruptcy Act giving to persons secondarily liable the benefit of an extension. The sufficiency of the pleadings and proceedings below to raise the question are not challenged.

That A. J. Fausch, whose name appears first as maker of the note in controversy, obtained an extension of time in which to pay his indebtedness under the provisions of the amendment to the Bankruptcy Act (USCA, title 11, sections 201 to 204) is not in dispute in this case. The only question is whether the defendant-appellee under the pleaded facts is entitled to the benefit of such extension.

I. It is the contention of the appellant that the motive or purpose of the defendant-appellee in signing the note in this case is immaterial; that it could only be material as determining the rights of the makers among themselves; that so far as the holder of the note is concerned, those who signed the note as makers are all liable as principals; and that the note is the debt of the appellee as much as any other maker and his liability is not affected by any extension of time for paying the indebtedness which may have been granted to some other maker.

Appellant supports his claim that appellee is primarily liable on this note by reference to the Negotiable Instruments Act, and particularly to section 9520, Code 1931, which provides:

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor," and section 9653, Code 1931, which provides, " The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable."

The identical question here for determination was decided by the Court of Appeal of Louisiana in the case of Central Finance Co. v. Martin, 157 So. 149. The court there held that since, under the provisions of the Negotiable Instruments Act of Louisiana, every person who signed the note on its face and agreed to pay it according to its terms is primarily liable, that

one who signed a note as maker could not show he was only a surety, and held that an extension granted by the bankruptcy court to one of the makers did not operate to extend the indebtedness as to other makers.

The argument of the appellant here and the reasoning of the Louisiana court in the case referred to, based as they are upon the provisions of the Negotiable Instruments Act, can have little persuasive effect here, however, in view of the holding of this court that as between the original parties to a promissory note the Negotiable Instruments Act has no application. In the case of Fullerton Lumber Co. v. Snouffer, 139 Iowa 176, 117 N. W. 50, the original payee of the note brought suit against J. J. Snouffer, Jr., and Ann J. Snouffer, both of whom had signed the note on its face as makers. The defense of Ann J. Snouffer was that she signed as surety only for J. J. Snouffer, Jr., and that the payee of the note had agreed with J. J. Snouffer, Jr., for an extension of the time of payment, and, by reason thereof, she was discharged. The question was whether this plea was good in view of the provisions of the Negotiable Instruments Act. The court held that the Negotiable Instruments Act did not apply to the situation; that the act was for the protection of holders in due course and had no application between the original parties to the instrument; that Ann J. Snouffer could show she was only a surety; and that an extension of time of payment granted to the principal would release her. Since that time, the case has been repeatedly referred to by this court and never overruled. It follows that in the situation now before the court, appellee, Alleman, as against the original payee of the note, could show that he was, in fact, only a surety on the note even though his promise was absolute in form.

II.  Does the fact that he signed the note merely as surety entitle him to the extension granted to his principal? The appellant contends that even though defendant-appellee be regarded as a surety only, he is not entitled to the extension because the obligation of a surety is not secondary but primary. It is, of course, true that the obligation of a surety is sometimes spoken of as a primary obligation. For example, in 50 C. J. 73, it is said that ''the surety's obligation is primary, original and direct.'' To the extent that the surety becomes obligated to pay the same debt as the principal and by the same contract, this

statement is, of course, true. The same authority, however, treats the subject of suretyship under the heading of Principal and Surety. That there can be no surety without a principal is obvious, and a principal is defined by that authority as "the person on whom the primary obligation rests." 50 C. J. 13. A contract of suretyship is usually, in general terms, defined as a contract to answer for the debt, default, or miscarriage of another. 50 C. J. 12; 21 R. C. L. 946-954. The obligation of the surety is to pay the debt if the principal does not. Where one signs a note with another for the accommodation of such other person and as a means of lending his credit to such other person, and where it is held, as in this state, that such signer may show such facts and that he is merely a surety where only the original parties to the instrument are involved, it would be a misuse of terms to say that such signer is primarily liable for the payment of the note. His obligation is to see that the principal pays and to pay the debt if the principal does not. The primary obligation is that of the principal. The obligation of the surety is secondary.

The obligations of the surety are held to be coextensive with those of the principal. It is the general rule that any defense which the principal can make is available to the surety. Iowa Bonding & Casualty Co. v. Wagner, 203 Iowa 179, 210 N. W. 775. The situation in the case at bar is not unlike that where two persons sign a promissory note as makers, but one as surety for the other, and the statute of limitations has run against the principal, but because of the surety's absence from the state it has not run against the surety. This court has held that a suit by the original payee of the note against the surety cannot be maintained in such a case, that since the statute of limitations bars a suit against the principal, no suit can be maintained against the surety. If the surety is entitled to the bar of the statute of limitations because his principal is, why is he not likewise entitled to the benefit of an extension of time of payment because his principal is? If the principal could defend on the ground that the indebtedness had been extended by the bankruptcy court, the surety should have the same right.

Moreover, the amendment to the Bankruptcy Act, itself, providing for the extension, also provides that

"Extensions made pursuant to the foregoing provisions of

this chapter shall extend the obligation of any person who is secondarily liable for or who may have insured or guaranteed such debt or debts.''

This language is rather sweeping. It will be noticed that it gives the benefit of the extension to (1) those who have insured the debt; (2) those who have guaranteed the payment of the debt; and (3) those who are secondarily liable for the payment of the debt. If we were to construe the term ''secondarily liable'' the way appellant wants it construed, it would include only those who, by separate contract, insured the debt or guaranteed the debt. If the phrase, ''any person who is secondarily liable,'' is to be given effect, it must be held to include others in addition to those who have insured the debt or who have guaranteed the payment of the debt. Such phrase can hardly be given effect unless it is held to include a surety. Moreover, the obligation of a guarantor is not unlike that of a surety. We have held that there is no distinction between a surety and a guarantor so far as their liability is affected by the circumstance that suit against the principal is barred by the statute of limitations. First National Bank v. Drake, 185 Iowa 879, 171 N. W. 115.

The appellant makes the further point that a discharge in bankruptcy of the principal would not relieve the surety and that by the same reasoning an extension granted the principal in bankruptcy should not be held to affect the surety. The argument is not tenable. The reason a discharge does not affect the liability of a surety is because the discharge is personal to the bankrupt. It is expressly made so by the Bankruptcy Act which provides:

''The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.'' Section 16, Bankruptcy Act, USCA, title 11, section 34.

An order of a bankruptcy court extending an indebtedness, on the other hand, is not personal to the debtor, but applies to the debt, and the act expressly provides that the extension ''shall extend the obligation of any person who is secondarily liable for or who may have insured or guaranteed such debt.'' The distinction between the effect of a discharge and of an ex-

tension, so far as the surety is concerned, is made by the terms of the Bankruptcy Act. The power of the Congress to make the extension applicable to the surety is not challenged.

We hold that as between the original parties to a promissory note, one of two or more makers may show he executed the note as surety only, and that under such circumstances he would be only secondarily liable within the meaning of section 76 of the Bankruptcy Act, as amended, USCA, title 11, section 204.

It follows that there was no error in overruling the demurrer to the answer in this case, and that the judgment of the district court should be affirmed.—Affirmed.

The Chief Justice and all Associate Justices concur.