419 P.2d 529

H. Samuel HACKIN, also known as H. S. Hackin, and Charlotte E. Hackin, husband and wife, and H. S. Hackin, dba Hackin Plumbing & Heating Company, Appellant,

v.

FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, Appellee.

No. 8121.

Supreme Court of Arizona

In Banc.

Oct. 26, 1966.

H. Samuel Hackin, in pro. per.

Kramer, Roche, Burch & Streich, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

Appellants, hereinafter called defendants, appeal from an order of the Maricopa County Superior Court granting summary judgment to appellee, hereinafter called plaintiff.

■ Construing the facts in defendants' favor, Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Ass'n., 95 Ariz. 98, 387 P.2d 801, it appears that on April 6, 1962, defendant H. S. Hackin borrowed $10,000 from plaintiff and executed a 90-day promissory note due July 5, 1962 and bearing an interest rate of 6½% payable at maturity. Approximately one week before the July 5th due date, defendant spoke to a Ralph Emerson, an officer of plaintiff's bank. At this time, defendant requested an extension on the note and offered to pay the interest due. Emerson agreed to extend the note for 90 days. Sometime between July 5th and 12th, defendant called the bank to check on the matter and was told by a Mr. Pickrell that Emerson was handling everything although he was out of town at that time. Defendant thought no more about the matter and left Phoenix July 15th for a two week trip to California. Defendant stated that he and Emerson had an understanding whereby Emerson would call him if defendant had to sign any additional papers. This understanding was based, in part, on past transactions. On July 23rd, nearly three weeks after the original due date, plaintiff instituted this action.

Since we must assume for purposes of this appeal that the bank officer promised to extend the note, the remaining question is whether there is a genuine issue concerning the existence of consideration to support the officer's promise.

**352**

■ Both parties agree and this court has held that an agreement to extend the time for payment of a promissory note must possess all of the elements of consideration. Marley v. McLaughlin, 32 Ariz. 552, 261 P. 33. The parties disagree, however, as to the existence of consideration to support plaintiff's promise to extend the note. Plaintiff contends the above facts compel us to find as a matter of law that plaintiff received no consideration for its promise to extend the time of payment.

■ It is generally held that a debtor's promise to pay interest during the *entire* period of extension, thereby relinquishing his right to pay less interest by sooner discharging the principal debt, is sufficient consideration for the creditor's promise to extend the time for payment of the note. See Freman v. Truitt, 238 Miss. 623, 119 So.2d 765 and cases cited therein; 10 C.J.S. Bills and Notes § 160, p. 636; 11 Am.Jur.2d Bills and Notes, § 304, p. 330; 1 Williston on Contracts, (3rd ed.) § 122 p. 512; Anno.–Consideration for Extension, 85 A.L.R. 327. The extension must be for a definite and certain period of time. Tsesmelis v. Sinton State Bank, Tex.Com.App., 53 S.W.2d 461, 85 A.L.R. 319. Furthermore, the debtor's promise to pay interest during the extension period need not be expressed and may be implied from the mere agreement to extend for a definite time. Deerfield State Bank v. Coerber, 113 Kan. 498, 215 P. 285; Stankey v. Godwin, 158 Wash. 494, 291 P. 725; Eilers v. Frieling, 211 Iowa 841, 234 N.W. 275; Adkins-Polk Co. v. Rhodes, Tex.Com.App., 24 S.W.2d 351.

■ In view of the above, a material issue of fact existed with respect to the actual extension of the maturity date of said note and it was error for the court to grant plaintiff's motion for summary judgment.

Reversed and remanded.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.