JUSTICE HUNT,
dissenting:
I dissent. Once again, this Court takes it upon itself to determine material questions of fact, further eroding a litigant’s right to a trial by jury.
Summary judgment should be granted only if no issues of material fact exist. Rule 56(c), M.R.Civ.R All reasonable inferences must be drawn in favor of the party opposing the motion. Cereck v. Albertson’s Inc., 195 Mont. 409, 411, 637 P.2d 509, 511 (1981). Although the majority gives lip service to these time-honored rules, it refuses to apply them in this case. Instead, it selects evidence that tends to demonstrate CFNB’s view of the suit while ignoring that proffered by Moe Motors. In so doing, it places itself in the position of fact finder, a position that should be left to the jury.
The majority concludes that Moe Motors’ claim of an unwritten agreement for an extension of the promissory note’s due date is too vague and indefinite to be an enforceable contract. However, when the proof is viewed in the light most favorable to Moe Motors, it *503 becomes apparent that material questions of fact exist regarding whether the parties engaged in an implied agreement to extend the due date of the note or whether CFNB, by its actions, waived the condition of payment by February 11, 1986.
If one looks at CFNB’s actions after the February 11, 1986, due date passed, one cannot help but conclude that CFNB led Moe Motors to believe that it would not enforce the time provision of the promissory note. Rather than taking action to collect on the note after February 11, CFNB attempted, in the words of its president Michael Miller, “to work out a plan on it.” CFNB had substantial contact with Moe Motors throughout May, June, July, and August 1986, during which CFNB sought financial information from the car dealer in its attempt to refinance. In April 1986, CFNB accepted a partial payment of $130,000, which reflected money from the SBA loan received by Moe Motors. It also accepted other payments of principal and interest in August and September 1986.
The payment of interest for a definite period of time may be sufficient consideration for a creditor’s promise to extend the time for payment of a note. Hackin v. First Nat’l Bank of Arizona, 101 Ariz. 350, 419 P.2d 529, 531 (1966). The debtor’s promise to pay interest during the extension period may be implied from the circumstances. Hackin, 419 P.2d at 531. Here, we have a debtor who has alleged that an agreement for extension existed and who made periodic payments of principal and interest during the extension period. Certainly, these facts raise an issue regarding whether an agreement to extend actually existed.
Alternatively, the evidence raises a genuine issue of fact concerning whether CFNB waived the due date of the note. The receipt of a delayed partial payment of money due and owing may operate as a waiver of any existing default. 3A A. Corbin, Corbin on Contracts § 754, at 491-92 (1960). Because the facts here demonstrate that CFNB accepted payments after the due date without demanding remittance of the entire amount borrowed and because CFNB attempted to formulate a financing plan with Moe Motors, CFNB may very well have waived the default that occurred on February 11.
If CFNB waived or extended the due date, it was required to notify Moe Motors of its intent to collect the remaining sums due before it setoff funds from the car dealer’s checking account. The right of setoff exists only if the borrower is in default. See Bottrell v. American Bank, 237 Mont. 1, 14, 773 P.2d 694, 702 (1989). There are genuine issues of material fact regarding whether Moe Motors was indeed in default.
*504 If Moe Motors was not in default when the setoff occurred, the Bank may be liable for wrongful setoff for the amounts applied to both the Moe Motors’ promissory note and the Kelly Moe debt. It may also be liable for bad faith, defamation, and tortious interference with the right to contract for notifying customers of Moe Motors of a purported default when a default either had not yet occurred or had been waived by CFNB.
We will never know, however, which party actually committed the first breach. Thanks to this Opinion, the parties will never have the opportunity to reveal the entire story and plead their positions to what should be the only real finder of fact in this state, a jury.
I would reverse the District Court.
JUSTICE TRIEWEILER concurs with the foregoing dissent of Justice Hunt.